IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK BOWLES, Debtor<br>Appellant, | §<br>§<br>§ | |
| v. | § | Civil Action No. 3:05-CV-2414-M |
| | § | |
| KIM QUIGLEY<br>and<br>DEBORAH WILLIAMS,<br>Appellees. | §<br>§<br>§<br>§ | |

## MEMORANDUM OPINION AND ORDER

Mark Bowles ("Appellant" or "Bowles") appeals from the Bankruptcy Court's Final Judgment in favor of Kim Quigley and Deborah Williams ("Appellees"), holding under 11 U.S.C. § 523(a)(6) that Appellant's actions directed towards Appellees caused a "willful and malicious" injury to Appellees, and that the state court judgment against Appellant in Appellee's favor was thus nondischargeable. Bowles appeals, contending that Appellees are collaterally estopped from claiming his conduct to be willful and malicious, because this issue had allegedly been previously decided in Appellant's favor by the state court. For the reasons stated below, the Court **AFFIRMS** the judgment of the Bankruptcy Court that the state court judgment debt is nondischargeable.

*Standard of Review*

In reviewing the Bankruptcy Court's decision, this Court acts as an appellate court and reviews findings of fact under the clearly erroneous standard and conclusions of law *de novo*.

*Matter of Delta Towers, Ltd.*, 924 F.2d 74, 76 (5th Cir. 1991). A bankruptcy court's decision to give preclusive effect to a state court judgment is a question of law that the Court reviews *de novo*. *Gober v. Terra Corp. (In re Gober)*, 100 F.3d 1195, 1201 (5th Cir. 1996); *accord Schwager v. Fallas (In re Schwager)*, 121 F.3d 177, 181 (5th Cir. 1997).

*Factual Background*

Appellant's debt to Appellees is based on a state court judgment entered on March 9, 2000, in Cause No. 98-00184 in the County Court at Law Number One of Dallas County, Texas. That judgment was in Appellees' favor, on claims against Appellant for slander. Before entering a Final Judgment in Appellees' favor, the state court struck from a proposed judgment form the following language: "Defendant Mark Bowles caused willful and malicious injuries to Plaintiffs by uttering false and defamatory statements about them to other persons in their industry." Appellant subsequently filed for Chapter 7 bankruptcy, and sought to have the judgment debt discharged. After a trial at which new evidence was taken, the Bankruptcy Court held the judgment debt nondischargeable under 11 U.S.C. § 523(a)(6), characterizing the injury to Appellees as "willful and malicious."

*Issue on Appeal*

The Appellant urges that Appellees are collaterally estopped from maintaining that Appellant's conduct was "willful and malicious," and thus the judgment debt Appellant owes to Appellees is dischargeable.

*Analysis*

Section 523(a)(6) of the Bankruptcy Code "excepts from discharge any debt incurred for willful and malicious injury by the debtor to another entity." 11 U.S.C. § 523(a)(6)(2004). A "willful" injury requires "a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." *Kawaahau v. Geiger*, 523 U.S. 57, 61 (1998). To establish an intentional injury, the creditor must establish "either an objective substantial certainty of harm or a subjective motive to cause harm." *Miller v. J.D. Abrams Inc. (In re Miller)*, 156 F.3d 598, 606 (5th Cir. 1998), cert. denied, 526 U.S. 1016 (1999). In addition to being willful, the injury must be "malicious." 11 U.S.C. § 523(a)(6). Malicious means "without just cause or excuse." *In re Garner*, 56 F.3d 677, 681 (5th Cir. 1995). The Bankruptcy Court, acting as a fact finder, held that Appellant's actions constituted a willful and malicious injury to Appellees, and thus that the debt owed to Appellees is nondischargeable. Appellant contends that the state court judgment precludes relitigation of whether his acts were willful and malicious.

Bankruptcy courts have exclusive jurisdiction to determine dischargeability issues. *Brown v. Felsen*, 442 U.S. 127 (1979). However, collateral estoppel may be invoked to bar relitigation of subsidiary facts actually litigated and necessarily decided in a prior judicial proceeding. *In re Shuler*, 722 F.2d 1253, 1255 (5th Cir. 1984); *In re Church*, 69 B.R. 425, 429 (Bankr. N.D. Tex. 1987). Thus, unless the subsidiary facts were actually litigated and necessarily decided in the prior state court proceeding, the Bankruptcy Court has exclusive jurisdiction to determine the dischargeability of the debt and is not limited to a review of the prior state court judgment and record. See *In re Franklin*, 726 F.2d 606, 608 (10th Cir. 1984).

When determining whether a subsidiary fact was actually decided in and is therefore

3

foreclosed by the prior suit, the court should look to the entire record supporting the judgment. *Shuler*, 722 F.2d at 1256 n. 3 (quoting *Spilman v. Harley*, 656 F.2d 224, 228 (6th Cir. 1981)). The Fifth Circuit cautioned in *Shuler* that the state court record must be sufficiently detailed to enable the Bankruptcy Court to ascertain what subsidiary facts were actually litigated and necessarily determined by the prior court.

In this case, no record of the state court trial was provided to this Court or the Bankruptcy Court. There is no evidence to demonstrate that the issue of whether the injury was willful and malicious was actually litigated and necessarily determined in the state court. Appellant argues that when the state court struck "willful and malicious" language from a proposed form of judgment, it actually determined the issue in Appellant's favor. While the Bankruptcy Court was certainly entitled to consider this argument, it was required to look to the entire record of the state proceeding, not just the proposed judgment, to determine what subsidiary facts were actually litigated and necessarily determined. *Shuler*, 722 F.2d at 1256 n.3 (quoting *Spilman*, 656 F.2d at 228). Appellant did not present the Bankruptcy Court with sufficient evidence to prove that the contested issue was actually litigated and necessarily decided in the state court, as opposed to the trial court merely limiting as a matter of form what the judgment said. The Court therefore finds that the doctrine of collateral estoppel did not prevent the Bankruptcy Court from deciding the dischargeability issue.

Accordingly, the Court **AFFIRMS** the judgment of the Bankruptcy Court. The Bankruptcy Court's factual determination that the Appellant's conduct was willful and malicious is correct, and the judgment debt in Appellees' favor is nondischargeable.

**SO ORDERED.**

**DATED:** June 7, 2006.

_____
BARBARA M.G. LYNN
UNITED STATES DISTRICT JUDGE